IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA KEESEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 6:15-CV-03213-ODS-SSA |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION
DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his applications for disability insurance benefits and supplemental security income. The Commissioner's decision is reversed and the case is remanded for further proceedings.

1. The Administrative Law Judge ("ALJ") set forth a residual functional capacity ("RFC") that is not supported by the substantial evidence in the record. "While a claimant for benefits has the burden of proving a disability, the Secretary has the duty to develop the record fully and fairly, even if ... the claimant is represented by counsel." Boyd v. Sullivan, 960 F.2d 733, 736 (8th Cir. 1992) (citation and internal quotation omitted); 20 C.F.R. § 416.919a(b) (stating that a medical examination may be obtained if the administrative record does not provide sufficient evidence to determine whether the claimant is disabled). When the medical records do not provide sufficient information to make an informed decision, the ALJ may order a consultative examination. Id. (citing 20 C.F.R. § 416.917). "It is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." Id. (citations omitted). Although repeatedly requested by Plaintiff's counsel and the record was not fully and fairly developed with regard to Plaintiff's severe impairments of borderline intellectual functioning and mood disorder,

no consultative examination or IQ testing was ordered by the ALJ. The ALJ is directed to order an IQ test and psychological consultative examination for Plaintiff.

2. Although the ALJ determined that Plaintiff had the severe impairment of borderline intellectual functioning, the ALJ erred in posing a hypothetical questioning to the Vocational Expert ("VE") that did not specify that the individual had borderline intellectual functioning. R. at 14, 54-56. See Hunt v. Massanari, 250 F.3d 622, 625-26 (8th Cir. 2001) (finding that when a hypothetical question does not encompass all relevant impairments, including the severe impairment borderline intellectual functioning, the Vocational Expert's ("VE") testimony does not constitute substantial evidence). Additionally, the ALJ found that Plaintiff had a severe impairment of mood disorder, but limitations associate with that impairment, as best the Court can tell, were not included in the hypothetical question posed to the VE.

3. Upon receipt of IQ testing and a psychological consultative examination, the ALJ must reformulate the RFC, and in doing so, the ALJ is directed to do the following:

    a. The ALJ must set forth Plaintiff's level of intellectual functioning and limitations associated with Plaintiff's level of intellectual functioning.

    b. The ALJ must set forth limitations, if any, related to Plaintiff's psychological impairments, including the severe impairment of his mood disorder (R. at 14) and any severe psychological conditions supported by substantial evidence, including but not limited to the psychological consultative examination.

    c. The ALJ must include Plaintiff's level of intellectual functioning, limitations associated with Plaintiff's level of intellectual functioning, and limitations associated with Plaintiff's psychological impairments in the hypothetical posed to the VE.

IT IS SO ORDERED.

DATE: December 17, 2015

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT